| | |
|---|---|
| RAMSES NIEVES,<br><br>            Plaintiff,<br><br>     v.<br><br>R. PATRICK, et al.,<br><br>            Defendants. | No. 1:23-cv-01036 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE DISMISSED FOR FAILURE TO OBEY A COURT ORDER<br><br>(ECF No. 4 at 2)<br><br>PLAINTIFF'S SHOWING OF CAUSE OR, IN THE ALTERNATIVE, A COPY OF HIS PRISON TRUST FUND ACCOUNT STATEMENT OR PAYMENT OF THE FILING FEE IN FULL DUE **FEBRUARY 5, 2024** |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. In the alternative, Plaintiff shall either file a current copy of his prison trust fund account statement with the Court or pay the filing fee in full.

1

I.   BACKGROUND

On July 12, 2023, Plaintiff's complaint and an application to proceed in forma pauperis were docketed. ECF Nos. 1, 2. Thereafter, on July 13, 2023, the Court issued an order which also directed Plaintiff to file a prison trust fund account statement with the Court if he had not already done so, and to do so within sixty days. See ECF No. 4 at 2. More than sixty days have passed, and Plaintiff has not complied with the Court's order.

II.   DISCUSSION

Plaintiff has filed an application to proceed in forma pauperis in order to commence this action without prepayment of fees. See ECF No. 2. However, because Plaintiff is incarcerated, he is also required to file a certified copy of his prison trust account statement with the Court for the six-month period immediately preceding the filing of the complaint. See 28 U.S.C. § 1915(a)(1)(2) (stating application and trust account statement requirements). Because Plaintiff still has not done as he was ordered to do back in July 2023, he may not proceed any further in this case without prepayment of fees.

Plaintiff will be ordered to show cause why this matter should not be dismissed for failure to obey a court order. He will be given thirty days to do so. In the alternative, Plaintiff may either provide a copy of his prison trust fund account statement, or he may pay the filing fee in full within the same thirty-day period.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff is ordered to SHOW CAUSE why this matter should not be dismissed for failure to obey a court order. See Fed. R. Civ. P. 41(b); Local Rule 110; or

2. In the alternative to filing a showing of cause, Plaintiff shall either file a certified copy of his prison trust fund account statement in compliance with the Court's order issued July 13, 2023 (see ECF No. 4 at 2), or he may pay the filing fee in full.

3. Plaintiff shall comply with this order no later than **February 5, 2024**.

IT IS SO ORDERED.

Dated:     **January 6, 2024**                      **/s/ Gary S. Austin**
                                                   UNITED STATES MAGISTRATE JUDGE