UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMSES NIEVES,<br><br>            Plaintiff,<br><br>     v.<br><br>R. PATRICK, et al.,<br><br>            Defendants. | No. 1:23-cv-01036 GSA (PC)<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br><br>(ECF No. 8)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL<br><br>(ECF No. 14) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Before this Court are Plaintiff's showings of cause filed in response to the Court's order issued January 8, 2024, and his motion for the appointment of counsel. ECF Nos. 12-14. For the reasons stated below, the order will be discharged. In addition, Plaintiff's motion for the appointment of counsel will be denied.

I.   PLAINTIFF'S SHOWINGS OF CAUSE

   A.   Relevant Facts

On January 8, 2024, Plaintiff was ordered to show cause why this matter should not be dismissed because Plaintiff had failed to file a prison trust fund account statement as he had been

1  previously ordered.  ECF No. 4 at 2 (order directing Plaintiff to file trust account statement); ECF
2  No. 8 (order directing Plaintiff to show cause).  Since then, Plaintiff has filed his prison trust fund
3  account statement (see ECF No. 11), and he has also filed showings of cause (see ECF Nos. 12,
4  13).

   The first-filed showing of cause indicates that Plaintiff had not filed the statement because
6  the county jail at which he was housed at the time did not provide the account statement.  ECF
7  No. 12 at 1.  In Plaintiff's second-filed showing Plaintiff indicates that he has been transferred to
8  state prison, and that the California Department of Corrections and Rehabilitation "take their time
9  in doing [these] things."  ECF No. 13 at 1.

10       B.  Analysis

11  Plaintiff's filed showings provide sufficient information to avoid dismissal of this case.  In
12  addition, the fact that Plaintiff has since filed a valid prison trust fund account statement (see ECF
13  No. 11) renders the order to show cause moot.  For these reasons, the order to show cause will be
14  discharged.

15     II.   MOTION FOR THE APPOINTMENT OF COUNSEL

16       A.  Arguments In Support

17  In support of Plaintiff's motion for the appointment of counsel, he states that he is unable
18  to afford counsel, and that the issues in his case are complex.  ECF No. 14 at 1.  In addition, he
19  asserts that he has limited access to the law library and that he has limited knowledge of the law.
20  Id.

21       B.  Analysis

22  District courts lack authority to require counsel to represent indigent prisoners in section
23  1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional
24  circumstances, the court may request an attorney to voluntarily represent such a plaintiff.  See 28
25  U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.
26  Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional
27  circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as
28  well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the

legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Therefore, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. In light of the content of Plaintiff's filed showings of cause (see ECF Nos. 12, 13), as well as Plaintiff's filing of an official trust fund account statement (see ECF No. 11), the Court's order directing Plaintiff to show cause (see ECF No. 8) is DISCHARGED, and

2. Plaintiff's motion for the appointment of counsel (ECF No. 14) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **November 15, 2024**          /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE