UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMSES NIEVES,<br><br>    Plaintiff,<br><br>    v.<br><br>R. PATRICK, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-01036-SKO<br><br>**SCREENING ORDER**<br><br>(Doc. 1) |

Plaintiff Ramses Nieves is proceedings pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

//

//

## II. PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under

section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### III.    DISCUSSION

#### A. Plaintiff's Complaint

Plaintiff names California Highway Patrol Officer R. Patrick and Bakersfield Police Department Officer J. Ashby as defendants in this action. (Doc. 1 at 1-2.) He seeks damages totaling $1,350,000. (*Id.* at 5.)

#### B. Plaintiff's Factual Allegations

Plaintiff alleges that on November 18, 2020, at about 12:15 a.m., after evading the California Highway Patrol, he came to a full stop at 24th and Oak streets, intending to surrender. (Doc. 1 at 3.) He states there was a traffic jam in front of him, his car was disabled, and he "had nowhere to go at that point." (*Id.* at 4.) Plaintiff waited for "commands with driver's door window down," but instead Defendant Patrick "and his partner" broke the passenger side window with a baton. (*Id.* at 3.) Plaintiff contends his hands were up, but Patrick deployed "his ECD" despite Plaintiff's screams of "I surrender…I surrender!" (*Id.*) Plaintiff alleges that when he was tased he lost consciousness and defecated on himself. (*Id.*) Defendant Ashby then deployed his K9, resulting in serious injuries to Plaintiff's arm and leg. (*Id.*) Patrick was pulling Plaintiff towards the passenger door while Ashby and his K9 pulled Plaintiff toward the driver's door. (*Id.*) Plaintiff states these actions should all be recorded on the officers' body cameras "and even 17 news was there." (*Id.*) Plaintiff contends he had "9,500 in cash and they only returned [] $62." (*Id.* at 4.) Plaintiff contends it was more than 3 months before he could use his left arm and left leg, and he suffers from post-traumatic stress order "with dogs" and sustained nerve damage to his left arm. (*Id.* at 3-4.)

**C. Plaintiff's Claims**

Plaintiff asserts excessive force claims against Defendants Patrick and Ashby. (Doc. 1 at 3-4.)

1. Applicable Legal Standards

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Excessive force claims brought by pretrial detainees are analyzed under the Due Process Clause of the Fourteenth Amendment rather than under the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Oregon Advocacy Center v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). However, the same Eighth Amendment standards apply in setting the minimum standard of care due pretrial detainees. *Id*. at 1120.

For Eighth Amendment claims arising out of the use of excessive physical force, courts look to see if the use of force was subjectively reasonable, *i.e.* "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted); *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013). The objective component of an Eighth Amendment claim is contextual and responsive to contemporary standards of decency. *Hudson*, 503 U.S. at 8 (quotation marks & citation omitted). And although *de minimis* uses of force do not violate the Constitution, the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether significant injury is evident. *Wilkins*, 559 U.S. at 37-38 (citing *Hudson*, 503 U.S. at 9-10, quotation marks omitted); *Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002).

Excessive force claims brought by pretrial detainees under the Fourteenth Amendment, by contrast, are evaluated under the "objectively unreasonable" standard. *Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015). Courts apply a more rigid standard in these cases because pretrial detainees, unlike prisoners, must not be punished at all, much less sadistically and maliciously. *Id*. at 400-01 (citing *Ingraham v. Wright*, 430 U.S. 651, 670-71 (1977)). Courts may look at a variety of factors to determine whether the force used was objectively unreasonable, including but not

4

limited to the relationship between the need for the use of force and the amount of force used, the extent of the detainee's injury, the threat reasonably perceived by the officer, and whether the detainee was actively resisting. *Kingsley*, 576 U.S. at 397.

2. Analysis

Liberally construing the complaint and accepting all facts as true, Plaintiff plausibly alleges Fourteenth Amendment excessive force claims against Defendants Patrick and Ashby.

As an initial matter, Plaintiff alleges he was not actively resisting when Patrick approached his disabled vehicle: The driver's side window was down, Plaintiff's hands were up, and he screamed, "I surrender … I surrender." Patrick then tased Plaintiff, resulting in Plaintiff's loss of consciousness and loss of bowel control. Plaintiff contends Ashby deployed his K9 after he had been tased by Patrick, resulting in serious injuries to his left arm and left leg. Both Defendants then attempted to remove Plaintiff from his vehicle by pulling him in opposite directions. As a result of the encounter, Plaintiff had limited use of his left arm and left leg for three months, suffered nerve damage to his left arm, and suffers from post-traumatic stress disorder. In sum, Plaintiff's complaint meets the objectively unreasonable use of force standard. *Kingsley*, 576 U.S. at 397.

**IV.   CONCLUSION AND ORDER**

For the foregoing reasons, Plaintiff's complaint states cognizable Fourteenth Amendment excessive force claims against Defendants Patrick and Ashby. The Court will issue a separate order directing service of the complaint.

IT IS SO ORDERED.

Dated:   **August 1, 2025**                          /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE