UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMSES NIEVES,<br><br>        Plaintiff,<br><br>v.<br><br>R. PATRICK, et al.,<br><br>        Defendants. | Case No.: 1:23-cv-01036-SKO<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION TO THE PENDING MOTIONS TO DISMISS**<br><br>**14-DAY DEADLINE** |

    Plaintiff Ramses Nieves is proceedings pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Fourteenth Amendment excessive force claims against Defendants Ashby and Patrick.

**I.    INTRODUCTION**

    On November 4, 2025, Defendant Ashby filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 24.) On November 6, 2025, Defendant Patrick filed a Motion to Dismiss under Rule 12(b)(6). (Doc. 25.)

    Plaintiff has failed to timely file either an opposition or statement of non-opposition to the pending motions to dismiss.

//

//

## II. DISCUSSION

This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, the Local Rules also state:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*) ("Motions in Prisoner Actions"). Therefore, Plaintiff's opposition or statement of non-opposition to Defendant Ashby's pending motion was due on or before November 25, 2025, and his opposition or statement of non-opposition to Defendant Patrick's pending motion was due on or before November 27, 2025, plus time for mailing.

Although more than 21 days have passed, Plaintiff has not filed an opposition or a statement of non-opposition to either pending motion to dismiss, and has not otherwise contacted the Court.[1]

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff **SHALL** show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules and failure to prosecute. Alternatively, within that same time, Plaintiff may file oppositions or statements of non-opposition to the pending motions to dismiss (Docs. 24 & 25).

**Plaintiff is advised that a failure to respond to this Order to Show Cause (OSC) may result in a recommendation that this action be dismissed for a failure to obey court orders**

---

[1] The undersigned notes the previously assigned magistrate judge issued a prior Order to Show Cause to Plaintiff in this action for a failure to obey a Court order. (*See* Doc. 8.)

**and Local Rules and a failure to prosecute.**

IT IS SO ORDERED.

Dated:   **December 5, 2025**                    /s/ *Sheila K. Oberto*
                                                UNITED STATES MAGISTRATE JUDGE