UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMSES NIEVES,<br><br>    Plaintiff,<br><br>    v.<br><br>R. PATRICK, et al.,<br><br>    Defendants. | Case No.: 1:23-cv-01036-SKO<br><br>**ORDER VACATING ORDER ISSUED DECEMBER 30, 2025**<br><br>(Doc. 29) |

Plaintiff Ramses Nieves is proceedings pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. section 1983.

**I.    INTRODUCTION**

Plaintiff failed to file an opposition or statement of non-opposition to Defendants Ashby and Patrick's motions to dismiss. Accordingly, on December 5, 2025, the Court issued its Order to Show Cause (OSC) Why Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of Non-Opposition to the Pending Motions to Dismiss. (Doc. 28.) Plaintiff's response was due in 14 days. (Id.)

On December 29, 2025, following no response from Plaintiff, the Court signed the Order Discharging Order to Show Cause and Order Deeming Motions to Dismiss Unopposed and Submitted. (Doc. 29.) The orders were docketed and served on December 30, 2025. (*Id.*)[1]

---
[1] The orders were entered on the docket at 9:21 a.m.

On December 29, 2025, Plaintiff also filed a response to the OSC and his opposition to the pending motions to dismiss. (Doc. 30.) This filing was entered on the Court's docket on December 30, 2025. (*Id.*)[2]

## II.     DISCUSSION

Because Plaintiff has filed an opposition to Defendants' pending motions to dismiss, the Court will vacate its previous order deeming the motions to be unopposed and submitted *with the followings warning to Plaintiff*.

Plaintiff's response to the OSC and opposition to Defendants' motions to dismiss does not include a proof of service. (*See* Doc. 30, generally.) As Plaintiff was previously advised, a proof of service is required. (*See* Doc. 3 at 4 ["for purposes of application of the 'Mailbox Rule,' see Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009), on all documents filed with the Court, the pro se plaintiff must attach a Proof of Service, indicating the date on which the filing was turned over to prison authorities. A document submitted without proof of service may be stricken/returned or if filed after the deadline, deemed not timely filed"].) Because Plaintiff did not include a proof of service with this filing, the Court could continue to deem it untimely, particularly where the filing is dated "December 15, 2025," but was not received by the Court until December 29, 2025. Plaintiff is cautioned that any future filing that does not include the required proof of service will be stricken and returned or may be deemed untimely filed.

## III.    CONCLUSION AND ORDER

Accordingly, for the foregoing reasons, the Court **HEREBY ORDERS** as follows:

1. The orders issued December 30, 2025 (Doc. 29) are **VACATED**;
2. Defendants **SHALL** file any replies to Plaintiff's opposition *no later than 14 days from the date of this order*.

IT IS SO ORDERED.

Dated:   **January 2, 2026**                    /s/ *Sheila K. Oberto*

---

[2] Plaintiff's filing was entered on the docket at 11:15 a.m.

1                                       UNITED STATES MAGISTRATE JUDGE