UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAMSES NIEVES,

Plaintiff,

v.

R. PATRICK, et al.,

Defendants.

Case No.: 1:23-cv-01036-EGC (PC)

**AMENDED FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTIONS TO DISMISS AND GRANT IN PART DEFENDANT ASHBY'S REQUEST FOR JUDICIAL NOTICE**

(Docs. 24, 25)

14-Day Objection Period

Clerk of the Court to Assign District Judge

Plaintiff Ramses Nieves is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The action proceeds on Plaintiff's Fourteenth Amendment excessive force claims against Defendants California Highway Patrol ("CHP") Officer R. Patrick and Bakersfield Police Department ("BPD") Officer J. Ashby. (Doc. 19.)

Pending before the Court are Defendant Ashby's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), with an accompanying request for judicial notice (Doc. 24), and Defendant Patrick's motion to dismiss under Rule 12(b)(6) (Doc. 25). Both motions contend Plaintiff's claims are barred by the two-year statute of limitations. Plaintiff opposes the motions (Doc. 30), and Defendants have replied (Docs. 32, 33). For the reasons below, the undersigned recommends that the two motions be DENIED.

# I. BACKGROUND

## A. Plaintiff's Allegations

Plaintiff alleges that on November 18, 2020, at about 12:15 a.m., after evading the CHP, he came to a full stop at 24th and Oak Streets in Bakersfield intending to surrender. (Doc. 1 at 3; Doc. 19 at 3.) He states there was a traffic jam in front of him, his car was disabled, and he "had nowhere to go at that point." (Doc. 19 at 3.) Although his driver's side window was down, his hands were up, and he yelled that he surrendered, Defendant Patrick broke the passenger side window with a baton and deployed "his ECD," causing Plaintiff to lose consciousness and control of his bowels. (*Id.*) Defendant Ashby then deployed his police dog, which caused serious injuries to Plaintiff's left arm and leg, and the two officers pulled Plaintiff in opposite directions whereas Patrick toward the passenger door and Ashby and the dog toward the driver's door. (*Id.*) Plaintiff alleges he could not use his left arm and leg for more than three months, sustained nerve damage to his left arm, and suffers from post-traumatic stress. (*Id.*)

## B. Procedural History

Plaintiff filed his complaint on July 12, 2023. (Doc. 1.) On August 1, 2025, the Court screened the complaint and found it states cognizable Fourteenth Amendment excessive force claims against Defendants Patrick and Ashby. (Doc. 19 at 5.)

On November 4, 2025, Defendant Ashby filed a motion to dismiss with prejudice, together with a request for judicial notice of the online docket in *People v. Nieves*, Kern County Superior Court Case No. BF183212A, and a printout from the California Department of Corrections and Rehabilitation's ("CDCR") incarcerated records search website. (Docs. 24, 24-1, 24-2.) On November 6, 2025, Defendant Patrick filed a motion to dismiss. (Doc. 25.)

When Plaintiff did not timely respond to either motion, the then-assigned magistrate judge issued an order to show cause on December 5, 2025. (Doc. 28.) On December 29, 2025, the Court discharged the order to show cause and deemed the motions unopposed and submitted. (Doc. 29.) The same day, Plaintiff filed a response to the order to show cause and oppositions to both motions, dated December 15, 2025. (Doc. 30.) On January 5, 2026, the Court vacated its order deeming the motions unopposed, cautioned Plaintiff that future filings lacking a proof of service

will be stricken or may be deemed untimely, and directed Defendants to file any replies. (Doc. 31.) Defendants filed replies on January 16, 2026. (Docs. 32, 33.)

**C. The Parties' Arguments**

Defendant Ashby argues Plaintiff's claims accrued on November 18, 2020, the date of the incident, and that Plaintiff's July 12, 2023 complaint was filed after California's two-year limitations period expired. (Doc. 24-1 at 4-5.) Ashby's motion does not address tolling. In reply, he argues the Court should disregard Plaintiff's opposition as untimely and its attachments as unauthenticated, and that the complaint alleges no facts supporting tolling. (Doc. 33 at 2-3.)

Defendant Patrick likewise argues Plaintiff's claims accrued on November 18, 2020, and expired on November 18, 2022. (Doc. 25 at 4.) Patrick acknowledges that the limitations period may be tolled while criminal charges are pending under California Government Code section 945.3 and during imprisonment under California Code of Civil Procedure section 352.1, but argues Plaintiff bears the burden of establishing tolling and has made no showing that it applies. (*Id.* at 4-5.) In reply, Patrick argues the Court should grant the motion as unopposed under Local Rule 230(*l*) and *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995), and that neither the complaint nor the opposition provides a basis for tolling. (Doc. 32 at 2-3.)

Plaintiff responds that his claims are timely because the limitations period was tolled under section 945.3 while criminal charges arising from the November 18, 2020 incident were pending in Kern County Superior Court Case No. BF183212A, through his sentencing on August 23, 2023. (Doc. 30 at 2-5.) He attaches excerpts of a probation officer's report from his criminal cases. (*Id.* at 6-10.)

## II. LEGAL STANDARDS

**A. Motion to Dismiss Under Rule 12(b)(6)**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts the complaint's factual allegations as true and construes them in

the light most favorable to the plaintiff, *id.*; *Navarro*, 250 F.3d at 732, and construes pro se pleadings liberally, affording the plaintiff the benefit of any doubt, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). In ruling on the motion, the Court may consider the complaint, documents incorporated into it by reference, and matters subject to judicial notice. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

**B. Judicial Notice**

A court "may judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). The court may take judicial notice on its own. Fed. R. Evid. 201(c)(1). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (citation omitted); *see Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012). However, a court may not take judicial notice of disputed facts stated in public records. *Lee v. City of Los Angeles*, 250 F.3d 668, 689-90 (9th Cir. 2001); *Khoja*, 899 F.3d at 999.

**C. Statute of Limitations**

Section 1983 claims borrow the forum state's statute of limitations for personal injury actions, which in California is two years. *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. Federal courts also borrow the forum state's tolling rules to the extent they are not inconsistent with federal law. *Hardin v. Straub*, 490 U.S. 536, 543-44 (1989); *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). However, federal law determines when a claim accrues. A claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008).

The statute of limitations is an affirmative defense. "A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010) (citation omitted); *see Rivera v.*

*Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013). Such a motion "can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Opposition

Both Defendants ask the Court to disregard Plaintiff's opposition as untimely. (Doc. 32 at 2; Doc. 33 at 2.)[1] The undersigned declines. The Court has already vacated its order deeming the motions unopposed and directed Defendants to reply to Plaintiff's opposition (Doc. 31), and each Defendant has done so. Defendants identify no prejudice from the delay. *Ghazali* does not require a different result. There, the Ninth Circuit held that a district court did not abuse its discretion in dismissing an action for failure to comply with a local rule after weighing the relevant factors, including the public policy favoring disposition of cases on their merits. 46 F.3d at 53-54. Although *Ghazali* permits dismissal, *Ghazali* does not require dismissal. Here, the public policy weighs in favor of resolution on the merits, where the motions turn on a dispositive affirmative defense.

In any event, the outcome here does not depend on Plaintiff's opposition or its attachments. As explained below, the record Defendant Ashby himself placed before the Court establishes that section 945.3 tolled the limitations period. Therefore, the undersigned need not, and does not, rely on the probation report excerpts attached to Plaintiff's opposition (Doc. 30 at 6-10), and Defendants' authentication objections to those documents are moot.

### B. Request for Judicial Notice

Defendant Ashby asks the Court to take judicial notice of:

**Exhibit 1**: The Kern County Superior Court online docket in *People v. Nieves*, Case No.

---

[1] Under Local Rule 230(*l*), which governs motions in actions brought by incarcerated *pro se* litigants, an opposition is due twenty-one days after service of the motion, not fourteen days as Defendant Ashby states (Doc. 33 at 2). Although Plaintiff's opposition was untimely under either deadline, it is dated December 15, 2025, which is before the December 19, 2025 deadline set by the order to show cause. (Doc. 30 at 5; *see* Doc. 31 at 2.)

BF183212A (Doc. 24-2 at 3-6); and,

**Exhibit 2**: A printout from CDCR's California Incarcerated Records and Information Search (CIRIS) website (*id.* at 7-9).

Plaintiff does not oppose the request, and he relies on the same criminal proceeding. (Doc. 30 at 2-5.)

*1. Exhibit 1*

The state court docket is a record of proceedings in another court that bear directly on the timeliness of this action. *Bias*, 508 F.3d at 1225. Therefore, the undersigned takes judicial notice of the following facts reflected in Exhibit 1: in Case No. BF183212A, a felony complaint was filed against Plaintiff on November 20, 2020; Plaintiff was released on bond on November 21, 2020; Plaintiff was held to answer and an information was filed on November 5, 2021; on July 21, 2023, Plaintiff pleaded no contest to evading a peace officer with disregard for safety (Cal. Veh. Code § 2800.2(a)), possession of a firearm by a felon (Cal. Penal Code § 29800(a)(1)), transporting a controlled substance (Cal. Health & Safety Code § 11379(a)), and misdemeanor driving under the influence of drugs (Cal. Veh. Code § 23152(f)), and the remaining counts, including misdemeanor resisting, obstructing, or delaying a peace officer (Cal. Penal Code § 148(a)(1)), were dismissed; and Plaintiff was sentenced on August 23, 2023. (Doc. 24-2 at 4-6.) The undersigned takes notice of these filings, dispositions, and dates, but not of the truth of any disputed factual matter underlying the criminal charges. *Lee*, 250 F.3d at 689-90.

*2. Exhibit 2*

The CDCR printout, which reflects Plaintiff's September 1, 2023 admission to CDCR custody, is unnecessary to resolve the motions. Therefore, the request for judicial notice is denied as unnecessary as to Exhibit 2.[2]

Although Defendant Patrick did not file a request for judicial notice, the Court may take judicial notice on its own, Fed. R. Evid. 201(c)(1), and it takes notice of the same facts in resolving Patrick's motion. Ashby's request was on file before Patrick filed his reply, and Patrick

[2] For the same reason, the undersigned need not consider Defendant Ashby's assertion that Plaintiff's "incarceration started on September 1, 2023" (Doc. 24-1 at 2), which reflects only the date of Plaintiff's admission to CDCR.

does not dispute the accuracy of the state court docket. (See Doc. 32.)

**C. Plaintiff's Claims Are Not Time-Barred**

1. *Accrual*

The parties agree Plaintiff's excessive force claims accrued on November 18, 2020, when the alleged use of force occurred. (Doc. 24-1 at 5; Doc. 25 at 4; Doc. 30 at 2.) The undersigned agrees. Plaintiff knew of his injuries and their cause on the date of his arrest. *See Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998). Absent tolling, the two-year limitations period would have expired on November 18, 2022, and Plaintiff's July 12, 2023 complaint would be untimely.

2. *Tolling Under California Government Code Section 945.3*

California Government Code section 945.3 provides that no person charged with a criminal offense may bring a civil action for money or damages against a peace officer or the officer's employing public entity "based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused," while the charges are pending before a superior court. Cal. Gov't Code § 945.3. The statute further provides: "Any applicable statute of limitations for filing and prosecuting these actions shall be tolled during the period that the charges are pending before a superior court." *Id.*

Although section 945.3's prohibition on filing suit does not apply to section 1983 actions, its tolling provision does. *Harding v. Galceran*, 889 F.2d 906, 908–09 (9th Cir. 1989). Thus, "[i]n California, the statute of limitations for section 1983 actions is tolled by Cal. Gov't Code § 945.3 while criminal charges are pending." *Torres v. City of Santa Ana*, 108 F.3d 224, 226 (9th Cir. 1997) (quoting *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995)); see also *Lockett v. County of Los Angeles*, 977 F.3d 737, 740-41 (9th Cir. 2020). Tolling begins when the charges are actually filed in court, *Torres*, 108 F.3d at 226-27, and criminal charges remain "pending" until the date of judgment, *id.* at 226 (citation omitted).

3. *Application*

Section 945.3 applies here. Both Defendants are peace officers. *See* Cal. Penal Code §

830.1(a) (police officers employed by a city); *id.* § 830.2(a) (members of the California Highway Patrol). Plaintiff's claims are based on the force Defendants allegedly used in arresting him on November 18, 2020, which is conduct "relating to the offense for which the accused is charged, including…arresting or detaining the accused." Cal. Gov't Code § 945.3. The judicially noticed docket reflects that the charges in Case No. BF183212A were filed by the CHP two days after the incident and include evading a peace officer with disregard for safety and resisting, obstructing, or delaying a peace officer (Doc. 24-2 at 4-5), which is the same conduct that led to the arrest Plaintiff challenges here. Defendant Ashby's own motion presents these charges as the ones that followed the incident. (Doc. 24-1 at 2.)

Applying section 945.3, two days of the limitations period ran between the November 18, 2020 incident and the November 20, 2020 filing of the felony complaint. The period was then tolled while the charges remained pending before the Kern County Superior Court, through judgment on August 23, 2023. (Doc. 24-2 at 4-5.) Plaintiff filed this action on July 12, 2023, while the charges were still pending. (Doc. 1.) Accordingly, Plaintiff's complaint was timely.

*4. Defendants' Remaining Arguments*

Defendants contend that the complaint pleads no facts supporting tolling and that Plaintiff bears the burden of establishing it. (Doc. 25 at 5; Doc. 32 at 2-3; Doc. 33 at 3.) These arguments misconstrue the standard governing a Rule 12(b)(6) motion based on an affirmative defense.

Plaintiff was not required to anticipate the defense in his complaint. Dismissal is appropriate only if the running of the statute is apparent on the face of the complaint and the complaint, construed liberally, would not permit Plaintiff to prove tolling. *Von Saher*, 592 F.3d at 969; *Supermail Cargo*, 68 F.3d at 1206-07. Nothing in the complaint forecloses tolling. To the contrary, the complaint alleges an arrest following a vehicle pursuit and was filed from the Kern County jail (Doc. 1 at 1, 3), and the judicially noticed record Ashby submitted affirmatively establishes that the limitations period was tolled under section 945.3. Defendants offer no response to section 945.3 beyond asserting that Plaintiff has not shown it applies.

Defendant Patrick's notice of motion also asserts that the complaint fails to state a claim. (Doc. 25 at 1-2.) However, his memorandum presents no argument on that point other than the

statute of limitations. (*Id.* at 3-5.) The Court has already found that the complaint states cognizable excessive force claims against both Defendants (Doc. 19), and Patrick identifies no deficiency in that analysis.[3]

## IV. CONCLUSION AND RECOMMENDATIONS

Accordingly, this Court **HEREBY ORDERS** the Clerk of the Court to randomly assign a district judge to this action.

Further, for the reasons stated above, the undersigned **HEREBY RECOMMENDS** that:

1. Defendant Ashby's request for judicial notice (Doc. 24-2) is GRANTED IN PART as to Exhibit 1, to the extent set forth above, and DENIED as unnecessary as to Exhibit 2;
2. Defendant Ashby's motion to dismiss (Doc. 24) is DENIED;
3. Defendant Patrick's motion to dismiss (Doc. 25) is DENIED; and,
4. Defendants SHALL file an answer to the complaint within fourteen (14) days of the date of service of this order. Fed. R. Civ. P. 12(a)(4)(A).

These Findings and Recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy of these Findings and Recommendation, a party may file written objections with the Court and serve a copy on all parties. *Id.* The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendation" and shall not exceed fifteen (15) pages, except by leave of court with good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings

[3] Patrick's memorandum concludes by requesting dismissal on behalf of "Defendant Parker." (Doc. 25 at 5.) The Court construes this reference as a typographical error. Defendants raise no ground for dismissal other than those addressed above, and nothing in this order expresses a view on any other defense.

and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014). This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

IT IS SO ORDERED.

Dated: **November 10, 2026**

Erin Sung Castillo

UNITED STATES MAGISTRATE JUDGE